[Circuit Court of Geauga County.]

HANNAH M. PARSONS v. THE OHIO PAIL COMPANY ET AL.

Decided, January Term, 1905.

*Divorce and Alimony—Lis Pendens—Injunction—Properly Refused, When.*

An injunction will not be granted when it is unconscionable to grant the same, even though a legal right is about to be violated; and where the legal right arises out of a decree of court, rendered by mistake, an injunction is properly refused.

COOK, J.; LAUBIE, J., and BURROWS, J., concur.

Error to Court of Common Pleas of Geauga County.

The action below was for an injunction to restrain the Ohio Pail Company from cutting and carrying away the soft timber growing upon the land of plaintiff in error. The court below refused the injunction.

Plaintiff in error, Hannah M. Parsons, brought an action for divorce and alimony in the Common Pleas Court of Geauga County. The husband was the owner in fee of two tracts of land, one of thirty-one acres, and the other of fifty acres, situated in said county. Mrs. Parsons in her petition described these two tracts of land and asked for alinmony out of the same. About three months after the commencement of her action, the husband, in the presence of the wife, she making no objection, sold all the growing soft timber upon the

two parcels of land to the Ohio Pail Company. The company did not pay for the timber at the time, but did so a short time afterwards by giving two checks to the husband; he signing a receipt for the same upon the back of the checks which fully set out a memorandum of the contract of sale, the wife being informed of such payment. Some time after the sale of, and payment for the timber, and the wife's knowledge of said payment, the court determined the suit for divorce and alimony, and allowed the wife as her reasonable alimony the fifty-acre tract of land absolutely in fee simple, without reserving the growing soft timber, and ordered the husband to execute a deed to her for the same or the decree was to operate as such deed, which decree of the court was duly entered upon the journal. After the adjournment of the term at which the decree for alimony was made, the pail company attempted to remove the timber and the action for an injunction was commenced. The answer of the defendant pail company set forth that while the decree for alimony gave the fifty-acre tract to the wife, Hannah M. Parsons, absolutely, as her alimony, yet, in the suit for alimony, evidence was introduced by both the husband and wife showing the value of both tracts of land, with the timber growing on the same, and the value, divested of the said timber, and it was conceded in such action that the timber had been sold to the pail company in the presence of the wife, and paid for by it to the husband. The answer sets forth further than the judge who tried the alimony case, in making up his finding and decree, took into consideration the amount of money the husband had received for the timber, some nine hundred dollars, and charged the same to him, and that the thirty-one acre tract, divested of the timber and the amount of money that the husband had received, together with the thirty-one acre tract, equaled the fifty-acre tract divested of the timber, and that the intention of the judge was to give husband and wife equal amounts, or divide the property in two parts, giving each an equal share, there being no other property; but that the actual intention and finding of the judge was not put in the decree. These averments of the answer are fully sustained in this action for an injunction by the testi-

mony of the trial judge in the alimony case, and the questions now made are: First. Should this evidence have been admitted to sustain these allegations of the answer, and especially that of said trial judge? and, second, was the court justified under this evidence in denying the injunction?

It must be conceded that ordinarily the doctrine of *lis pendens* applies to alimony cases, and that any change made in real estate after the commencement of the action has no effect as against the plaintiff when the premises are fully described. Conceding that the doctrine of *lis pendens* does apply to this case, yet it seems to the court that the injunction was properly refused. The decree as entered upon the journal did not speak what the court actually did. It is true that the journal entry by inadvertance did not state that the wife was to have the land subject to said contract. The entry, no doubt, was prepared by counsel for the wife, without calling the attention of the judge to its contents. Had it been presented to him, unquestionably he would have noticed the mistake, and we are of opinion that it was just as much an accident or mistake that could be relieved against as if he had entered the actual conclusion he had reached upon his trial docket. The law would certainly be very weak and impotent if there is no power in courts to prevent such a palpable injustice and wrong as would be perpetrated in permitting the plaintiff to receive that which she is clearly not entitled to by the mere accident and mistake of the trial judge and her counsel.

We are of opinion that a bill in equity could be filed and successfully prosecuted by the Ohio Pail Company, which was not a party to the alimony action, for relief against the wrongful effect of the judgment or that the enforcement of the same as against the plaintiff's rights would be enjoined, and if that be so, the evidence was clearly competent.

In Freeman on Judgments, Section 500*a*, it is said:

"*Mistake, Accident and Surprise.* In treating of the vacation of judgments upon motion, we considered the fact that a judgment was procured by mistake, accident, or surprise as a ground of relief therefrom. Substantially the same grounds of relief may be urged with success in equity, except when refused on the ground that an adequate remedy existed at law, and no

reason is shown why it was not pursued. Mistakes of fact, whether made by the court or by one of the parties, have been successfully employed as grounds for obtaining the interposition of courts of equity, and securing the relief of the party injured by the mistake. Thus a suit was brought on a note, and the defendants made no defense, and 'the attorney who was attending the case made a mistake in calculating the interest on the note, and when the case was called for judgment, the judge, without calculating the amount, asked the attorney, who, being under a mistake himself, replied $405.55, and the judgment was rendered by mistake for that amount, when it should have been for $507.80.' The plaintiff, discovering the mistake after it was too late to correct it on motion, brought a suit in equity to correct it, by compelling the defendant to pay the amount left out by mistake; and it was held that equity had, under the circumstances, jurisdiction to grant the relief sought. A like decision was made when it appeared that a jury omitted to allow the plaintiff interest to which he was entitled. It seems to be well established by the authorities that a mistake in calculating the amount due by which the judgment was entered for a wrong sum may be corrected in equity. An error in computation is not necessarily attributable to negligence, for 'the most careful and expert calculators sometimes make mistakes.' So where a judgment is occasioned by the mistake of the judge, the party against whom it was entered may have relief in equity. In Georgia, a meritorious bill of exceptions was dismissed because of a mistake in a date made by the certifying judge. The Supreme Court of that state, in passing upon this case said:

" 'Courts of equity are open to grant relief in cases of great injustice and wrong arising from mistake without negligence and fault upon the part of counsel or parties. The dismissal of the case was owing to the misdate of the judge in his certificate. It was the duty of the judge to have put the correct date. The fault was not one for which the law should punish parties, and for which, under the rules, the case was dismissed. It was not beyond the reach of a court of equity to interpose and take jurisdiction of the parties and subject-matter; and if it appeared there was merit in the case, and injustice would result from the act or mistake of the judge in the premises, it was the duty of a court of equity to enjoin the collection of the judgment, and stay proceedings until a fair and full hearing upon the merits had been had.' "

To the same effect is Beach on Modern Equity, Section 658.

The Ohio Pail Company was not a party to the suit. It was

only affected in this case by the rule of *lis pendens* and it would not be held to the same strictness as a party to the suit; as to what it might prove by parol evidence, 50 O. S., 528 and 540.

If it was within the power of the Ohio Pail Company to correct the judgment or enjoin its enforcement by a bill in equity filed for that purpose, how much stronger the reason why an injunction should not issue to enforce the judgment founded as it is upon a conceded mistake leading to injustice and wrong. A court of equity sits as a court of conscience and will never grant an injunction when it is unconscionable to do so, even though the plaintiff may show a legal right that is about to be violated. Beach on Modern Equity, Section 643.

In *Powers Appeal,* 126 Pennsylvania State, 175 (11 American State R., 822), it is held:

"If an injunction is prayed for where upon consideration of the whole case it ought not in good conscience to issue, a mere legal right in the plaintiff will not move the chancellor."

In the opinion, Mr. Justice Williams says:

"The maxim of the common law, that wherever there is a right there is a remedy for its infraction, has never been adopted by courts of equity. A party whose right is clear may sleep upon it until his demand becomes stale. He may look on while valuable structures are erected, when he might successfully object, and remain silent until large sums have been expended or important intervening interests have grown up. In such cases the fact that he might have objected at the outset will not avail him. A suitor must not only appear in a court of equity with clean hands, but he must come with reasonable promptness, in good faith, and with a just and equitable demand; otherwise the conscience of the chancellor will not be moved. If an injunction is prayed for where upon a consideration of the whole case it ought not in good conscience to issue, a mere legal right in the plaintiff will not move the chancellor."

To have granted an injunction in this case the judge sitting as a chancellor would have assisted in perpetrating an injustice that arose out of a mistake in the rendering and entering of the judgment in the alimony case. It would have been against good conscience and it was properly refused.

Judgment of the court of common pleas affirmed.

*N. H. Bostwick,* for plaintiff in error.

*Wm. G. King,* for defendant in error.